UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JASON BOHM,

      Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

**MEMORANDUM & ORDER**
22-CV-4114 (NRM)

**NINA R. MORRISON,** United States District Judge:

Plaintiff Jason Bohm was awarded $137,701.00 in past-due Social Security benefits after he retained Osborn Law P.C. to represent him in district court, and this Court remanded his case to the Commissioner of Social Security. Bohm's counsel subsequently moved for attorney's fees pursuant to Section 406(b) of the Social Security Act. For the reasons detailed below, Bohm's motion is GRANTED.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act ("SSA") on August 23, 2017. Administrative Record ("AR") at 91,[1] ECF No. 11. After the Social Security Administration denied his application on January 23, 2018, Bohm requested a hearing before the Administrative Law Judge ("ALJ") on

---

[1] Citations to the Administrative Record are to the pagination applied by the Social Security Administration prior to transmitting the record, located in the bottom right-hand corner of each page.

March 12, 2018. AR at 91, 101, 124–25. The ALJ found that Bohm was not disabled on June 27, 2019; however, the Appeals Council vacated this decision and remanded the case back to the ALJ on August 25, 2020. AR at 116, 120–22. On February 25, 2021 — following another hearing — the ALJ again denied Bohm's application for disability benefits. AR at 27. Bohm appealed this decision on March 23, 2021, but the Appeals Council rejected his request for review on May 13, 2022. AR at 1–5, 207–10.

On July 13, 2022, Bohm retained Daniel A. Osborn and Lindsay M. Trust of Osborn Law P.C., to represent him in United States District Court. Mot. Attorney Fees Ex. 1 ("Attorney Fee Agreement"), ECF No. 21-2, at 2–3.[2] Bohm agreed that if he prevailed in the litigation, his attorney (Daniel Osborn) would be entitled to the greater of fees awarded under the Equal Access to Justice Act ("EAJA") or from his past-due benefits, pursuant to 42 U.S.C. § 406(b) and subject to a twenty-five percent limit. *See id.* at 2. Bohm filed his complaint in this Court the next day, on July 14, 2022. Compl., ECF No. 1.

On November 21, 2022, the Court approved a briefing schedule proposed by the parties, in which the Commissioner was to file the certified administrative record by November 28, 2022. *See* Order dated Nov. 21, 2022. Under this schedule, the parties' fully briefed cross-motions were to be filed on the public docket by April 19, 2023. *Id.*

---

[2] All page references (excluding those to the Administrative Record) use ECF pagination, except where noted.

Over the following months, the parties requested a number of revisions to the scheduling order, including extensions to their motion service deadlines. On December 6, 2022, the Commissioner sought a thirty-day extension to all deadlines within the November 21, 2022 Scheduling Order. *See* ECF No. 10. It also filed the certified administrative record the same day. AR, ECF No. 11. The next day, on December 7, 2022, the Commissioner filed a letter withdrawing its previous extension request and asking the Court to accept its service of the administrative record on December 6. ECF No. 12. The Court granted this request and issued a new Scheduling Order, pursuant to which the fully-briefed cross-motions were to be filed by April 28, 2023. Order dated Dec. 8, 2022.

On February 1, 2023, Bohm — by and through counsel — requested an unopposed thirty-day extension to his service deadline for his motion for judgment on the pleadings. ECF No. 13. The Court granted this request, and the parties' fully-briefed cross-motions were filed on June 23, 2023. Order dated Mar. 3, 2023; Pl.'s Mem. L. Support Pl.'s Mot. J. Pld'gs ("Pl.'s Mot. J. Pld'gs"), ECF No. 16; Mem. L. Support Def.'s Cross-Mot. J. Pld'gs Opp'n Pl.'s Mot. J. Pld'gs ("Def.'s Cross-Mot. Opp'n"), ECF No. 17; Pl.'s Reply Support Pl.'s Mot. J. Pld'gs ("Pl.'s Reply"), ECF No. 18.

The Court granted Bohm's motion for judgment on the pleadings in an oral ruling on September 1, 2023, and remanded the case for further proceedings pursuant to Section 405(g) of the SSA. *See* Min. Entry dated Sep. 1, 2023.

After the Court remanded the case, the parties stipulated to an EAJA award of attorney's fees in the amount of $9,400.00, pursuant to 28 U.S.C. § 2412.  ECF No. 20.  This amount was meant to compensate Bohm's representatives for 37.9 hours of attorney work and 6.1 hours of paralegal work.  Decl. Daniel A. Osborn Support Pl.'s Mot. Attorneys' Fees ("Osborn Decl.") ¶ 9, ECF No. 21-1, at 2.  The Court granted this award on October 27, 2023.  Order dated Oct. 27, 2023.

Following further proceedings before the ALJ on remand, the Social Security Administration issued a Notice of Award on July 20, 2025, granting Bohm $137,701.00 in past-due benefits.  Mot. Attorney Fees Ex. 4 ("Not. of Award"), ECF No. 21-5, at 3–4; *see also* Osborn Decl. ¶ 12.  The Social Security Administration also withheld twenty-five percent of the past-due benefits — in this case, $34,425.25 — in potential attorney's fees.  Not. of Award at 4.  Bohm's counsel received the Notice of Award on July 28, 2025.  Osborn Decl. ¶ 15; *see also* Mot. Attorney Fees Ex. 5, ECF No. 21-6, at 2.  On August 11, 2025, counsel filed the present motion pursuant to 42 U.S.C. § 406(b), seeking $34,425.25 in attorney fees.  Mot. Attorney Fees, ECF No. 21; Mem. L. Support Mot. Attorneys' Fees ("Mem. Attorney Fees"), ECF No. 21-7, at 1.  The Commissioner responded on August 14, 2025, neither in support of nor opposition to the motion.  *See* ECF No. 22.

## **LEGAL STANDARD**

Section 406(b) of the SSA provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a

*reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added). When fees are awarded both under the EAJA and SSA section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citation omitted).

Typically, a motion for attorney's fees must be brought within fourteen days of an entry of judgment — in this case, the Notice of Award. *See* Fed. R. Civ. P. 54(d)(2)(B). However, the Second Circuit has subjected this rule to equitable tolling in the section 406(b) context, such that "the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation." *Sinkler v. Berryhill*, 932 F.3d 83, 90 (2d Cir. 2019).

In determining whether counsel's fee request is reasonable, a court will examine factors including:

> (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case.

*Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990)). Whether an award represents a windfall to the attorney is context-dependent; a court may consider "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-

trained lawyers might take far longer to do." *See Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022).

## DISCUSSION

To begin, the instant motion for attorney's fees is timely, because Bohm's counsel received a copy of the Notice of Award on July 28, 2025, Osborn Decl. ¶ 15, exactly fourteen days before they filed the present motion. Thus, the Court will focus on the reasonableness of Bohm's request for attorney's fees.

Bohm's counsel seeks exactly twenty-five percent of his past-due benefits award, for a total of $34,425.25. Mem. Attorney Fees at 1. There is no evidence that the fee agreement between Bohm and his representatives was the result of fraud or overreaching.[3] The attorney's fees owed to Bohm's counsel are explicitly in line with those to which they are entitled under the law. *See* Attorney Fee Agreement at 2. While Bohm's counsel did seek an extension to the service deadline for Bohm's motion

---

[3] There is a question regarding whether the "Expenses" paragraph within the agreement violates 42 U.S.C. § 406(b)(2), which states:

> Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court [] shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

As part of the fee agreement, Bohm agreed to pay for reasonable expenses his counsel incurs "[i]n addition to [the] attorney's fee," as soon as he receives a lump sum check for past-due benefits or an invoice. Attorney Fee Agreement at 3. This paragraph does not explicitly state that the payment for reasonable expenses must come from Bohm's past-due benefits. However, given that Bohm was granted leave to proceed *in forma pauperis*, this may be the practical effect of the "Expenses" provision. *See* ECF No. 2, at 1–2.

for judgment on the pleadings, *see* ECF 13, this request did not represent an unnecessary delay.  Osborn explained that his office was balancing closely scheduled deadlines among multiple social security cases, and that they would need more time to review the record and brief the issues presented.  *Id.* at 1.

There is little doubt that Bohm's counsel was effective in this case; nor does the attorney fee award represent a windfall.  Bohm — by and through his counsel — filed a contested motion for judgment on the pleadings, which persuaded the Court to remand the case to the Commissioner.  *See* Min. Entry dated Sep. 1, 2023.  The nineteen-page motion was not mere boilerplate.  It detailed and synthesized Bohm's medical history, highlighting medical evidence that the ALJ failed to adequately consider under the law.  Pl.'s Mot. J. Pld'gs at 15–18.  Upon remand, the ALJ not only found in Bohm's favor; the Social Security Administration found that Bohm became disabled on October 1, 2016, and became entitled to benefits in March 2017.  Not. of Award at 4.  Bohm's original application listed an alleged disability onset date of August 11, 2017.  *See* AR at 106; Compl. ¶ 5.  Thus, on remand — after effective representation by his counsel before this Court — the Social Security Administration ultimately awarded Bohm more in benefits than he originally requested.

Achieving this result within 37.9 hours of attorney work is also within the range of reasonableness.  *See Borus v. Astrue*, No. 09–CV–4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sep. 28, 2012) (noting that courts within the Second Circuit "find that twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases").  Within this time, Bohm's counsel reviewed a 2,073-

page administrative record and drafted a memorandum of law and reply in support of a motion for judgment on the pleadings.  *See* Mot. Attorney Fees Ex. 2 ("Time Records"), ECF No. 21-3, at 3.

This level of efficient representation would result in an effective hourly rate of $908.32, should the instant motion be granted.  This is well within the range of de facto hourly rates courts have found reasonable in other Social Security cases.  *See Fields*, 24 F.4th at 856 n.10 (citing cases in which the de facto hourly rate ranged from $1,289.06 to $2,100.00).  And as a result of Osborn's representation, Bohm received over $100,000 in past-due benefits from March 2017 to April 2022.  Not. of Award at 4.  Thus, Bohm's counsel's request for a total award of $34,425.25 in attorney's fees — after which counsel will refund Plaintiff $9,400.00 in previously awarded EAJA fees — is reasonable.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion is GRANTED, and Plaintiff is awarded $34,425.25, pursuant to 42 U.S.C. § 406(b), minus the $9,400.00 previously awarded EAJA fees that must be refunded to Plaintiff.  The Commissioner is directed to release the $34,425.25 withheld from Plaintiff's past due benefits to Plaintiff's counsel, in accordance with agency policy.  Plaintiff's counsel is directed, upon receipt of both the EAJA fees and the 406(b) fees, to promptly refund to Plaintiff the $9,400.00 fee amount awarded under the EAJA.  To the extent that Bohm's counsel seeks payment for expenses incurred as a result of his representation, he

should deduct from the present section 406(b) award to avoid a violation of section 406(b)(2).  This case will remain closed.

      **SO ORDERED.**

                                  _/s/ Nina R. Morrison_
                                  NINA R. MORRISON
                                  United States District Judge

Dated: May 11, 2026
        Brooklyn, New York